**SPINELLI, DONALD & NOTT**
A Professional Corporation
ROSS R. NOTT, (State Bar No. 172235)
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888

Attorneys for Defendants
MELISSA BASSANELLI, in her official capacity as
Superintendent of San Juan Unified School District,
ZIMA CREASON, PAM COSTA, SAUL HERNANDEZ,
BEN AVEY, PAULA VILLESCAZ, and TANYA
KRAVCHUK, in their official capacities as board
Members of San Juan Unified School District

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN and BREANNA WOOLARD, et al.<br><br>Plaintiffs,<br>vs.<br>TONY THURMOND, et al.<br><br>Defendants. | Case No.: 2:23-CV-02305-JAM-JDP<br><br>**DEFENDANTS MELISSA BASSANELLI, ZIMA CREASON, PAM COSTA, SAUL HERNANDEZ, BEN AVEY, PAULA VILLESCAZ, AND TANYA KRAVCHUK, REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>**DATE: April 9, 2024**<br>**TIME: 1:30 P.M.**<br>**COURTROOM: 6, 14TH FLOOR**<br><br>Complaint Filed:  October 11, 2023 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants MELISSA BASSANELLI, ZIMA CREASON, PAM COSTA, SAUL HERNANDEZ, BEN AVEY, PAULA VILLESCAZ, and TANYA KRAVCHUK, hereby and herewith reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss.

### I. REINTRODUCTION

Rather than offer plausible allegations of conduct by SJUSD Defendants contributing to any practice, policy or procedure at issue between them and Visions in Education, Plaintiffs suggest that

their Complaint connecting SJUSD Defendants and the curriculum, grading and expulsion process involving only Plaintiffs C.D. and Carrie Dodson, and Visions in Education is sufficient to keep them in the case.  Plaintiffs argue that because they "only" seek prospective injunctive relief, that naming the chartering authority district board members and superintendent, in their official capacity, is enough to keep them in the case because SJUSD Defendants would be involved in instituting that relief if granted.  However, by Plaintiffs' own allegations, SJUSD Defendants had anything to do with the curriculum or grading issues that they complain about, or any expulsion process, and will not implement any injunctive relief if granted.  Rather, those issues were (and injunctive relief will be) handled by Visions' personnel including its own board, superintendent, principal and teachers which comports with Plaintiffs' cited authority that those officials from **<u>within the organization</u>** necessary to implement injunctive relief may be kept in a case despite requisite actions connecting them to unlawful conduct.

Plaintiffs' contentions are misplaced and should not keep SJUSD Defendants in the case. SJUSD Board Members did not craft any policies, were never implicated in any practice or procedure let alone conduct complained about, and had nothing to do with any educational process involving C.D. The same is true for the SJUSD Superintendent.  The SJUSD Defendants would not be responsible for implementing any injunctive relief because, if granted, that will be handled from within Visions in Education by its own Executive Director/Superintendent, Board and administrators.

Therefore, the SJUSD Defendants should be dismissed from the litigation, leaving Plaintiffs and Visions in Education as well as the other defendants to sort out the constitutional dispute between them.

II.     **PROCEDURAL DEVELOPMENTS SINCE FILING MOTION TO DISMISS**

The SJUSD Defendants' Motion to Dismiss focused on three issues.  The first issue is the lack of conduct or connection by the SJUSD Defendants to the alleged legal violation asserted by Plaintiffs.[1]  In addition, the Motion to Dismiss also addressed the failure of Plaintiffs' Complaint to

---

[1] Plaintiffs' Complaint claimed a single basis for SJUSD Defendants involvement here – an assertion that a statute applicable to special education programs (unlike Visions' Home School Academy) required direct oversight by SJUSD. ECF 1, ¶22.

allege a substantial interference with their free exercise rights as asserted through the First Amendment as well as qualified immunity. SJUSD Defendants were the first parties to appear in the case by answer or responsive pleading.

Since then, the other defendants including Visions in Education and California Department of Education on behalf of Defendant Thurmond, have approached the Court with a stipulation regarding their own motions to dismiss on the substantive constitutional violation allegations. In response, SJUSD Defendants agreed to sever their constitutional and qualified immunity portions of the Motion to Dismiss while leaving the primary crux of the motion intact. The Court, on its own motion, has continued the SJUSD Defendants' hearing for Motion to Dismiss to be heard concurrently with the other defendants.

Plaintiffs' Opposition to the SJUSD Defendants' Motion to Dismiss was filed and now argues that there is sufficient connection between SJUSD Defendants and the policies and procedures here. They claim the right to revoke the charter for Visions' failure to comply with the "law" establishes sufficient control to keep them in the case where prospective injunctive relief is sought. In addition, Plaintiffs also argue that the Complaint sufficiently alleges substantial interference with their right to free exercise of their religion, and that qualified immunity should not be granted on a motion to dismiss. In the process, Plaintiffs offer no opposition to the Court taking judicial notice of Exhibit A to ECF 24-2 – Charter Renewal Petition for Visions in Education, California Charter School #248, and Exhibit B – California Secretary of State filings for Visions in Education.

Now, Plaintiff Carrie Dodson and C.D. implausibly claim they have absolute control regarding the curriculum that the student will follow in a public charter school. (ECF 29, 2:19-24.) This is impossible given that Visions operates as a California charter school and, thus, is a public school. No California public school student can go to class and dictate their own curriculum to be followed, and certainly not one that was sectarian or denominational in nature.

Here, SJUSD's Reply will focus on Plaintiffs' inability to demonstrate a connection between SJUSD Defendants, and the conduct complained of here sufficient to keep those defendants in the case. They were not involved in the underlying conduct and would not be involved in any

injunctive relief to be implemented because they do not operate, control or participate in the policies, procedures, curriculum choices, grading or implementation of policy for the charter school.

Insofar as the other defendants are the ones involved in the policies, practices and procedures which Plaintiffs complain of and would resolve injunctive relief if granted, SJUSD Defendants will defer to them to further present and reply as to those constitutional issues.

### III.   SJUSD DEFENDANTS ARE NOT INVOLVED WITH ANY CONDUCT NOR ANY PRACTICE OR PROCEDURE THAT PLAINTIFFS COMPLAIN ABOUT HERE AND WOULD NOT IMPLEMENT ANY INJUNCTIVE RELIEF IF GRANTED

Plaintiffs' (Carrie Dodson and C.D.) Opposition is notable for its singular focus on Visions in Education's conduct here.  Plaintiffs allege that Visions rejected their curriculum choice, refused to grade coursework based on their curriculum choice, and then expelled him for not performing the work required of the curriculum.  (ECF 29, 1:19-1:22.)  Plaintiffs' allegations involve only Visions in their issues and there is no allegation of report of the dispute to SJUSD Defendants.  However, Plaintiffs now argue that as a chartering authority, SJUSD  has responsibility for enforcing Visions' compliance with the charter petition, but cannot explain how their dispute violates same.  Plaintiffs ignore that San Juan Unified School District's "oversight" does not reach the issues that Plaintiffs complain of here.  (Ibid. 2:1-3.)

As a second basis of opposition, Plaintiffs argue that because they seek only injunctive relief, naming SJUSD defendants including its board members and superintendent in their "official capacity" is appropriate based upon the *Hartmann v. California Department of Corrections and Rehabilitation* case.  (ECF 29, 6:15-24.)  Plaintiffs allege that SJUSD defendants are properly named in their official capacity because they seek injunctive relief, and officials who will appropriately implement to injunctive relief are proper defendants. While this may be a correct statement of law, it is misapplied to the facts here.

### A. SJUSD Defendants do not Control Visions' Curriculum Issues

Notwithstanding the initial assertion in paragraph 22 of the Complaint which applies to special education and is not at issue here, Plaintiffs assert in opposition that SJUSD Defendants

exercise control over the charter school. The position ignores the Education Code. The duties of a chartering authority like SJUSD are limited to identifying a charter school contact person, visiting the charter school annually, ensuring that the charter school provide reports as required by law, monitoring the physical condition of the charter school and providing timely notification to the Department of Education under limited circumstances not at issue here. Ed Code §47604.32(a).

Plaintiffs' citation to Education Code §47607(f)(1) & (4) does not change the fact that the SJUSD Defendants do not operate the Visions' charter program. Moreover, Plaintiffs present a crabbed view of that Education Code to suggest that SJUSD Defendants can simply "revoke" the charter of Visions in Education which gives them sufficient control over the dispute here.

Rather, Education Code §47607 provides four grounds upon which a chartering authority **may** revoke a charter school's charter petition including material violation of the conditions set forth in the charter, failing to meet or pursue the pupil outcomes identified in the charter, failing to meet generally accepted accounting principles or engaging in fiscal mismanagement, or violation of the law. Ed. Code §47607(f)(1)-(4). However, contrary to Plaintiffs' representation in opposition, it is not a simple, snap-of-the-fingers process assuming that the dispute between Plaintiffs and Visions was brought to SJUSD Defendants' attention. Instead, prior to revocation, the charter shall have a reasonable opportunity to remedy the violation (Ed. Code 47607(g)) and must receive written notice of the intent to revoke, identifying all facts in support of the revocation, and provide for a public hearing where the charter school and public may be heard regarding the contentions. Ed. Code §47607(h). Thereafter, the chartering authority shall only revoke the charter upon written factual findings supported by substantial evidence supporting the revocation. *Id.*

Even thereafter, the charter school can pursue an appeal including to the County Board of Education (which provides another hearing process), as well as appeal to the State Board of Education for another hearing process. Ed. Code §47607(i)(1)-(4). Anywhere along the way, if the revocation is not upheld, the charter school remains in place and the district remains as the chartering authority. Ed. Code §47607(k).

Of course, this revocation process was never at issue here because at no time did either of the Visions' plaintiffs ever report any alleged discrimination to San Juan Unified School District

according to their allegations.[2]  The SJUSD Defendants were never involved with any of the conduct which Plaintiffs complain about here.

Even if a revocation of charter is upheld at any point in the appeals process, the charter school operator may petition for a writ of administrative mandate to challenge the revocation. *American Indian Model Schools v. Oakland Unified School Dist.*, 227 Cal.App.4th 258, 271-273 (2014). Upon considering a school district's revocation of a charter school charter, the primary focus on the decision is consideration of increases in pupil academic achievement for all groups of pupils served by the charter school.  (*Id*. at 278.)  In short, contrary to Plaintiffs' implausible suggestion that the ability to revoke the charter gives SJUSD total control over Visions In Education, the reality is that revocation offers little, if any, control unless student performance is the basis for the revocation decision.

Plaintiffs offer no legal argument nor support to counter Education Code §47604(a) which provides that the requisite control over a charter school rests with the non-profit public benefit corporation operating the charter school – here, Visions in Education.  Once established pursuant to the Education Code as Visions has been established, the charter school **is the school district**. *Wilson v. State Board of Education*, 75 Cal.App.4th 1125, 1138 (2000).

It is inescapable that Visions has its own governance under the Charter Renewal Petition and, once subject to a Charter Petition, operates as is its own school district. *California School Boards Assn. v. State Board of Education*, 240 Cal.App.4th 838, 846 (2019) citing Ed. Code §47612(c).  California law provides that for compliance with Section 8 of Article IX of the California Constitution prohibiting expenditure of public funds for sectarian or denominational schools, doctrine or instruction in public schools, a charter school is under the exclusive control of the officers of the public schools (here, their own administrators).  Ed. Code §47612(a).  Charter

---

[2] This is another factual demonstration that SJUSD Defendants have nothing to do with the disputed issue.  By Plaintiff's own allegations, nowhere were SJUSD board members or its superintendent involved in the curriculum choices, grading or expulsion process that Plaintiff alleges, nor any investigation regarding same which involved Visions' personnel exclusively.

school officials are "officers of public schools because charter schools are part of the public school system. *Ghafur v. Bernstein*, 131 Cal.App.4th 1230, 1239-1240 (2005).

Furthermore, Plaintiffs' claim that *Wilson* supports their position is also implausible. ECF 29, 7:22-8:18. Plaintiffs' description of the *Wilson* case to suggest that it requires a chartering authority to control the day-to-day activities of a charter school are not supported by that case. In fact, Plaintiffs' analysis fails to acknowledge its summary statement that charter schools operate under their own power:

> "[U]nder this scheme (The Charter School Act), charter school officials are officers of public schools to the same extent as members of other boards of education of public-school districts. So long as they administer charter schools according to the law and their charters, as they are presumed to do, they stand on the same constitutional footing as non-charter school board members. If they violate the law, the charter will be revoked."

*Wilson v. State Board of Education*, *Supra*, 75 Cal.App.4th at 1141. But if a charter school petition failed to affirm compliance with California Constitution Article IX, section 8, or if the charter petition requires compliance, but the charter ultimately did not comply, "***either situation would be immediate grounds for charter revocation***." *Id*. at 1143, emph. added. In other words, Plaintiffs' claim that *Wilson* requires SJUSD Defendants to support their position here and revoke Visions' charter because it followed the law prohibiting expenditure of public funds on faith-based materials is expressly contrary to *Wilson's* express analysis.

**B. SJUSD Defendants do not Operate Within Visions in Education, are not Responsible to Implement any Injunctive Relief if Granted, and Should be Dismissed**

Plaintiffs cite the *Hartmann* case for the proposition that the SJUSD Defendants do not need to be causally connected to the conduct at issue because they are sued in their official capacity for injunctive claims only.[3] However, a clear reading of that case and others confirm that it does not apply to SJUSD Defendants because they are not part of the entity whose policies or practices allegedly violate their rights.

In *Hartmann*, the California Department of Corrections was sued for alleged religious discrimination. *Hartmann v. California Department of Corrections and Rehabilitation*, 707 F.3d

---

[3] It is notable that Plaintiffs' prayer for relief goes beyond injunctive relief. (ECF1, 31:13-15.)

1114, 1120-1122 (9th Cir. 2019). The Plaintiffs were inmates incarcerated in the California State prison system who claimed that their free exercise of religion was prohibited because the Department of Corrections did not have a Wiccan chaplain whereas other religions were provided chaplains. (*Id*.)   Plaintiffs, seeking injunctive relief named as a defendant the secretary of the California Department of Corrections and Rehabilitation in their official capacity though that person had no involvement with the underlying policy.  The CDCR Secretary moved to dismiss arguing that they were not involved with the policy at issue. The plaintiff's complaint survived 12(b)(6) Motion to Dismiss.  *Id*. at 1127.   The 9th Circuit noted that, "[a] Plaintiff seeking injunctive relief against the state is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. [Citation.]  Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official ***within the entity who can appropriately respond to an injunctive relief***." (*Id.*, quoting *L.A. County v. Humphries,* 131 S.CT. 447, 452 (2010), emph. added.) The secretary of the California Department of Corrections and Rehabilitation, an official **within the entity to respond to the injunctive relief**, was a proper defendant because they were responsible for the administration of the Department of Corrections and Rehabilitation "including its policies, practices, and custom, and therefore has the responsibility and authority to ensure that the CDCR religious accommodation policies comply with and do not violate federal and state constitutions and statutory requirements." (*Id*.)   Likewise, the Secretary of CDCR was also deemed a proper defendant in a prospective injunctive relief claim in a free exercise challenge over conjugal visits "because he would be responsible for ensuring that injunctive relief was carried out." *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012).  However, that is not the case here for SJUSD Defendants.

In the context of a school district, individual board members may be sued in their official capacity under 42 USC section 1983 for injunctive relief when their district's policies are at issue. *Riley's American Heritage Farms v. Elsasser*, 32 F.4th 707, 732 (9th Cir. 2022).  Those individuals are appropriate defendants because they govern the district and should plaintiffs prevail on their injunctive relief claims, the board members will remedy the policy that presents the constitutional violation. *Id*.

SJUSD Defendants are separate from Visions under the Education Code and the Petition for Charter Renewal. As noted in the moving papers, there is completely separate governance between SJUSD and Visions. ECF 24-2, Ex. A Charter Renewal Petition for Visions in Education, 88-96. Visions has its own Board of Directors, Advisory Board, Executive Director/Superintendent, administration, faculty and staff charged with administering its program(s) on a day-to-day basis, establish policies to guide staff, adhere to state and federal laws, ensure compliance with all applicable regulations with the Executive Director in conjunction with the management team being "responsible for the decisions of the Charter School." Ibid., 90-92.

Visions' personnel are not employed by SJUSD. Ibid., 129. Visions has its own independent superintendent, board members and administrative personnel who are all identified as defendants served in their official capacities, and the SJUSD Defendants, unlike the individual defendant in *Hartmann*, are not officials "within the entity" whose policies, practices or customs are being challenged. The Visions' personnel identified in the Complaint include Visions in Education, and its personnel including Defendant Albright (Principal), Defendant Olmos (Superintendent/Executive Director), Defendant Morrison (Director of Instruction), Defendant Studer (Chief Academic Officer), and Defendant Holman (Chairman of Board of Directors). ECF 1, ¶28-33. Those Visions defendants, not SJUSD Defendants, are the persons within the Visions' organization who are the appropriate defendants for Plaintiffs' injunctive claims if they are successful because it is their policies, practices and conduct challenged and they would implement any injunctive relief if granted.

SJUSD Defendants have nothing to do with the policy, procedure or dispute here. They were not involved in any of the underlying conduct or attempted resolution given Plaintiffs' allegations showing exclusive involvement by Visions' personnel with their dispute. The notion that SJUSD Defendants should remain in the case in the event that injunctive relief is awarded is not supported by Plaintiffs' allegations nor the Charter Renewal Petition because they were not involved in creating or contributing to the dispute, and will not be involved with implementing any required change – Visions personnel will do so if necessary.

## IV.   CONCLUSION

San Juan Unified School District Board Members and Superintendent respectfully request that the Court grant their motion to dismiss them from this litigation. As Plaintiffs' own allegations confirm, these defendants had nothing to do with the issues which Plaintiffs bring to the Court. The allegations between Carrie Dodson and her child regarding curriculum choices, grading and/or expulsion solely involve Visions in Education personnel, and they have identified those personnel as defendants. To now claim that the SJUSD Defendants should remain in the case to implement injunctive relief, if granted, ignores that those other defendants are solely responsible for the governance of Visions in Education. It is those other parties that would implement any injunctive relief and not SJUSD Defendants.

Dated:  November 30, 2023                    SPINELLI, DONALD & NOTT

                                                              By:     */s/Ross R. Nott*
                                                                         ROSS R. NOTT
                                                                         Attorneys for Defendants
                                                                          MELISSA BASSANELLI, ZIMA CREASON, PAM COSTA, SAUL HERNANDEZ, BEN AVEY, PAULA VILLESCAZ, and TANYA KRAVCHUK,