UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN and BREANNA WOOLARD, on their own behalf and on behalf of their minor children A.W., E.W., and O.W., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TONY THURMOND, in his official capacity as Superintendent of Public Instruction, et al.,<br><br>Defendants. | No. 2:23-cv-02305-JAM-JDP<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING PLAINTIFFS' COMPLAINT IN ITS ENTIRETY** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The facts of the case, summarized below, are taken from the Complaint (Compl., ECF No. 1) and assumed to be true for purposes of these motions:

1.   Plaintiffs are parents or legal guardians of children who were enrolled in California charter school's Blue Ridge Academy ("Blue Ridge") and Visions in Education ("Visions") (collectively, "the charter schools") (Compl. ¶¶ 16-18);

2.   The charter schools are tuition free and under the jurisdiction of local school districts (Compl. ¶ 2);

3.   The charter schools offer publicly funded independent

1

1  study programs (Compl. ¶¶ 2, 3);
2      4.   The charter schools employ credentialed teachers that
3  supervise the independent study programs (Compl. ¶¶ 35, 42-44;
4  Exh. A to Compl., Blue Ridge Parent-Student Handbook, ECF No. 1
5  at 4);
6      5.   The supervising teachers at the charter schools ensure
7  that the independent study programs meet state guidelines (Compl.
8  ¶¶ 36, 42);
9      6.   The charter schools do not allow the parents or
10 guardians to access public funds to purchase non-secular
11 (religious) materials for the independent study programs (Compl.
12 ¶¶ 49, 53);
13     7.   Periodically, the supervising teachers review student-
14 work (Compl. ¶¶ 36, 44); and
15     8.   Students will not receive credit if their student-work
16 is non-secular (Compl. ¶ 6).
17     Plaintiffs filed suit against numerous parties within
18 California's public education sector.  See generally Compl.
19 Plaintiffs argue the exclusion of non-secular materials excludes
20 Plaintiffs from an otherwise generally available government
21 benefit of accessing public funds to purchase curriculum for
22 homeschooling.  Compl. ¶ 9.  Plaintiffs argue this exclusion
23 violates their First Amendment rights under the free exercise and
24 free speech clauses.  Id.  All defendants who have appeared now
25 move to dismiss.[1]  See Motions ("Mot.'s") to Dismiss, ECF Nos.

---

[1] The motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearings were scheduled for April 9, 2024.

1  24, 35, 36, 37, 39.

2  The motions present various grounds for dismissal, however, all five (5) defendants move pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).  See id.  Four (4) of the motions address at least one common ground: Plaintiffs have not properly alleged that their First Amendment constitutional rights were infringed upon.  See ECF Nos. 24, 35, 37, 39.  For the reasons set forth below, the Court agrees.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Plausibility requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Id.  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Id.  Conclusory allegations are not to be considered in the plausibility analysis.  Id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the case.

Fed. R. Civ. P. 12(b)(6).

   B.   Judicial Notice

A court may take judicial notice of a fact that is not subject to reasonable dispute if it is either (1) generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Ev. 201(b).

Here, each motion to dismiss is accompanied by a separate request for judicial notice. See Req.'s for Judicial Notice ("RJN") ECF No.'s 24-2, 35-2, 36-3, 37-2, 39-2. The Charter Renewal Petitions of Visions and Blue Ridge are attached as exhibits to Defendant Superintendent Thurmond's request for judicial notice. Exh.'s A, D to Def. Thurmond's RJN, ECF No. 35-2. The petitions are matters of public record and not subject to reasonable dispute. Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001); J. C. v. Cambrian Sch. Dist., No. 12-cv-03513-WHO, 2014 U.S. Dist. LEXIS 7319, at *12 (N.D. Cal. Jan. 21, 2014) (district court taking judicial notice of charter school petition). The Court takes judicial notice of the petitions.

The Court did not rely on facts contained in the other requests for judicial notice in deciding the instant motions. The Court denies all non-petition requests as moot. See Sikhs for Justice "SFJ", Inc. v. Facebook, Inc., 144 F.Supp.3d 1088, 1091 n.1 (N.D. Cal. 2015).

   C.   Analysis

      1.   California's Public School System

Under the California Constitution, the California

4

Legislature is required to organize and fund a free public school system. Cal. Const. Art. IX §§ 5, 6. This public school system encompasses all public schools in the state as well as the districts and agencies that maintain them. Id. California state charter schools ("charter schools"), which operate independently from the existing school district structure, are included in California's free public school system. Cal. Ed. Code § 47601. One requirement for all of California's public schools, including charter schools, is that they remain nonsectarian (non-religious) in all their programs and operations. Id.; Cal. Const. Art. IX, § 8; Wilson v. State Bd. of Educ., 75 Cal. App. 4th 1125, 1143, (1999) ("Charter petitioners must affirm that their school will be nonsectarian in its programs and operations.").

The California Education Code ("Education Code") permits a charter school to receive funding for both classroom and nonclassroom-based instruction. Cal. Ed. Code §§ 47612.5(d), (e). Nonclassroom-based instruction includes independent study programs, also characterized as home study programs. Id.; Cal. Ed. Code § 51747.3(a) ("[I]ndependent study . . . whether characterized as home study or otherwise . . . .").

Pursuant to the Education Code, a charter school's independent study program is required to be coordinated, evaluated, and supervised by an employee of the charter school with teaching credentials or with an emergency teaching or specialist permit. Cal. Ed. Code § 51747.5(a). The Education Code also requires that the courses be taught under the general supervision of a credentialed teacher who is a certified

employee of either the charter school or a separate local educational agency. Cal. Ed. Code § 51749.5(a)(3).

The supervising teacher's general supervision requires, among other things, continued oversight of the study design, implementation plan, allocation of resources, and evaluation of student progress. Cal. Code Regs. Tit. 5, § 11700(b). The supervising teacher selects the methods of studies to reach the educational objectives. Cal. Code Regs. Tit. 5, § 11700(f). The student, parent or guardian, supervising teacher, and supervising employee are required to sign a written agreement prior to the commencement of the program that includes the objectives, methods of study, and methods used for evaluating student-work. Cal. Ed. Code §§ 51747(g)(2), (g)(9)(A). With respect to resources, charter schools are required to provide appropriate materials and services necessary to achieve the objectives in the written agreement. Cal. Ed. Code §§ 51746, 51747(g)(3); Cal. Code Regs. Tit. 5, § 11700(i).

Independent study courses must be annually certified by the charter schools. Cal. Ed. Code §§ 51745.5(4)(a). To achieve certification, the courses must be of the "same rigor, educational quality, and intellectual challenge substantially equivalent to in-person instruction and equivalent classroom-based courses and shall be aligned to all relevant local and state content standards." Id. Since independent study courses are required to comply with California state standards, they must, among other things, remain nonsectarian. Cal. Const. Art. IX, § 8; Cal. Ed. Code § 47601; Cal. Ed. Code §§ 51745.5(4)(a).

///

2. <u>Visions And Blue Ridge Are Public Charter Schools That Must Comply With California Law</u>

Plaintiffs' Complaint does not explicitly assert whether Visions and Blue Ridge are public or private charter schools. Rather, Plaintiffs allege Visions and Blue Ridge are charter schools that offer public funds to homeschool children. Compl. ¶¶ 36, 42. Plaintiffs state, "[u]nder Blue Ridge and Vision's independent study models, parents can access public funds to choose from a wide range of curricula and other instructional materials that align with their values and education goals." Compl. ¶ 99. Plaintiffs' strategic wording appears to suggest that Blue Ridge and Visions may be private charter schools offering public funds for parents and guardians to unilaterally choose and purchase students' curriculum. Upon review of Visions and Blue Ridge's charter school petitions, however, the two schools are clearly public charter schools under California's public school system. <u>See generally</u> Exh.'s A, D to Def. Thurmond's RJN. Therefore, Visions and Blue Ridge must comply with California's strict public charter school and independent study requirements, as set forth under the California Constitution, Education Code, and Code of Regulations. <u>See supra</u> § i.

a. <u>Visions' Policies and Practices</u>

Visions is a tuition free public charter school in Carmichael, California. Exh. A to Def. Thurmond's RJN at 104, 136. With Visions' "Home School Academy," the program Plaintiff Carrie Dodson's son was enrolled in, credentialed California teachers work with parent educators to develop a master

7

agreement and select curriculum that meets California State Standards.  Id. at 40, 37-38, 78; Compl. ¶¶ 28, 66.  The credentialed teachers and parents have the option to choose either a personalized curriculum or a prescribed curriculum that is pre-qualified by Visions.  Exh. A to Def. Thurmond's RJN at 40.

Credentialed teachers and parent educators purchase the selected curriculum materials through the student's independent curriculum budget, which is funded through state funds.  Id. at 38, 41.  No funds are transferred directly to the parents.  Visions' Mot., ECF No. 37 at 11; Opp'n to Visions' Mot., ECF No. 46 at 8.

Throughout the school year, the teachers "assess student achievement as measured by [California State Standards]."  Id. at 38.  Whether personalized or pre-qualified, Visions requires all curriculum in the Home School Academy be nonsectarian.  Id. at 5, 97, 104.

    b. Blue Ridge's Policies and Practices

Blue Ridge is a tuition free public charter school in southern California and enrolls students from Los Angeles, Ventura, and Kern Counties.  Compl. ¶ 24; Exh. D to Def. Thurmond's RJN at 92.  Blue Ridge's homeschool model provides a "[nonclassroom-based], Independent Study program" where students are educated through individualized curricula, aligned with California State Standards, and are supported by credentialed teachers.  Id. at 55, 69, 121.  The supervising teacher works with the student and their family to develop a master agreement and create a "flexible and appropriate learning plan for the

school year" with curriculum pre-approved by the school. Id. at 7, 62, 121.

Each student at Blue Ridge has a curriculum budget, funded through state funds, to cover the materials in their learning plan. Id. at 24, 62. Blue Ridge allows a family to refer vendors to the school for additional curriculum materials, however, these vendors must first be approved by Blue Ridge. Id. at 224. The vendor must follow all applicable school policies and guidelines. Id. at 224, 226. Further, families cannot directly purchase or obligate Blue Ridge to purchase any educational items without Blue Ridge's approval. Id. at 224.

Students submit work and assessments to the credentialed teachers on an ongoing basis. Id. at 66, 215. Blue Ridge requires all curriculum, including those from referred vendors, be nonsectarian. Id. at 4, 130, 224, 226.

        c.   <u>Visions and Blue Ridge Comply With California Law Governing Public Charter Schools and Nonclassroom-Based Instruction</u>

Based on the above, both charter schools appear to comply with, and Plaintiffs do not dispute whether they comply with, California laws governing public charter schools and nonclassroom-based instruction. Cal. Ed. Code §§ 47601, 47612.5(d)(1). Both schools are tuition free and funded by the State. Cal. Const. Art. IX §§ 5, 6. Both schools' independent study programs are overseen by a credentialed teacher. Cal. Ed. Code § 51747.5(a); Cal. Code Regs. Tit. 5, § 11700(f). Both schools require a master agreement prior to the start of instruction between credentialed teachers and the parents or

guardians that identifies the objectives, methods of study, and resources available. Cal. Ed. Code §§ 51747(g)(2), (g)(9)(A). Both schools purchase with state funds all necessary materials to complete the home study programs. Cal. Ed. Code §§ 51746, 51747(g)(3); Cal. Code Regs. Tit. 5, § 11700(i). Both schools' curricula are aligned with California State Standards. Cal. Ed. Code §§ 51745.5(4)(a). Both schools require all materials and operations to remain secular. Educ. Code § 47605(e)(1); Cal. Const. Art. IX, § 8; Wilson, 75 Cal. App. 4th at 1143.

### 3. Plaintiffs' Do Not Have The Right Under California Law To Independently Choose Instructional Materials

Plaintiffs desire, as "parent educators", to purchase faith-based curricula that meets state educational standards. Compl. ¶ 88. Plaintiffs argue the state funds are an otherwise available public benefit that is being denied solely because the desired curriculum is religious. Id. ¶¶ 85, 86. Plaintiffs state:

> Independent study programs are designed to allow families to design and choose instructional materials that respond to each pupil's unique educational needs, interests, aptitudes, and abilities. Excluding parent-selected and parent-directed faith-based instruction from these programs solely because of their religious character denies religious families equal access to the benefits of these personalized learning experiences.

Id. ¶ 89. Upon review of California law, as well as the charter schools' policies and practices, the Court finds Plaintiffs'

10

1 argument to be without merit. Supra §§ ii., iii.

2     Although a parent may be the curriculum decisionmaker in a
3 private homeschool setting, Plaintiffs have elected to enroll
4 their students in public homeschool programs.  The policies and
5 practices of Visions and Blue Ridge make it clear that
6 curriculum materials in these programs are strictly monitored.
7 Neither charter school allows parents or guardians to be the
8 unilateral decisionmaker of a student's curriculum, regardless
9 of whether the materials are secular.  The teachers work with
10 parents or guardians and students to develop personalized
11 learning plans that align with state standards.  Plaintiffs were
12 aware of these practices and procedures when developing their
13 master agreements with the charter schools.  Visions and Blue
14 Ridge's publicly funded independent study programs do not, and
15 cannot under California law, provide a private choice of
16 curriculum.

17         4.   California Law Preventing Plaintiffs To
18             Unilaterally Choose Nonsecular Curriculum Is
19             Constitutional

20     The First Amendment provides, "Congress shall make no law
21 respecting an establishment of religion, or prohibiting the free
22 exercise thereof; or abridging the freedom of speech . . .".
23 U.S. Const. Amend. I.

24     The state action of failing to provide requested religious
25 curriculum is not an infringement on Plaintiffs' freedom of
26 exercise.  As confirmed in Plaintiffs' own cited case, Carson v.
27 Makin, states are allowed to provide a strictly secular
28 education in its public schools.  Carson v. Makin, 142 S. Ct.

11

1987, 1992 (2022). A strictly secular education does not substantially burden the Plaintiffs' practice of religion. Mohamed Sabra v. Maricopa Cty. Cmty. Coll. Dist., 44 F.4th 867, 890 (9th Cir. 2022). Finding otherwise would compel the state to "conduct its own affairs in ways that an individual believes will further their own religious practice." Bowen v. Roy, 476 U.S. 693, 699-700 (1986).

The state action is also not a violation of Plaintiffs' freedom of speech because a public school's curriculum is a form of government speech, not speech of a teacher, parent, or student. Pleasant Grove City v. Summum, 555 U.S. 460, 467 (2009) ("The Free Speech Clause restricts government regulation of private speech; it does not regulate government speech."); Downs v. L.A. Unified Sch. Dist., 228 F.3d 1003, 1012, 1015 (9th Cir. 2000) (holding content on a public school's bulletin boards is the government's and public school's speech, not private speech) ("[C]urriculum is only one outlet of a school district's expression of its policy.); Riley's Am. Heritage Farms v. Elsasser, 32 F.4th 707, 728 (9th Cir. 2022) (stating school curriculum is a school district's speech); Nampa Classical Acad. v. Goesling, 447 F. App'x 776, 778 (9th Cir. 2011) (unpublished decision holding because charter schools are government entities, the curriculum is the government's speech, not the teachers, parents, or students).

Plaintiffs attempt to analogize three recent United States Supreme Court decisions in support of their contention that they are being categorically excluded from an otherwise available public benefit, in violation of their First Amendment rights.

1  Compl. ¶¶ 98-99 (citing Trinity Lutheran Church of Columbia,
2  Inc. v. Comer, 582 U.S. 449 (2017); Espinoza v. Mont. Dep't of
3  Revenue, 140 S. Ct. 2246 (2020); Carson, 142 S. Ct. 1987).
4  These three cases, however, concern state programs in which a
5  state was offering public benefits in the form of grants, tax
6  credits, or tuition assistance to private schools and students
7  seeking a private education.  See Trinity Lutheran, 582 U.S. at
8  453; Espinoza, 140 S. Ct. at 2251; Carson, 142 S. Ct. at 1993.
9  The private schools and students were denied public benefits
10 only because of the schools' religious nature.  See generally
11 Trinity Lutheran, 582 U.S. 449; Espinoza, 140 S. Ct. 2246;
12 Carson, 142 S. Ct. 1987.  Private schools and students seeking a
13 private education with no religious affiliation, however, were
14 able to receive the public grants.  Id.  These principles are
15 not implicated here.  This case involves California's laws and
16 regulations for state funded public schools, not private
17 schools.  There are no "public benefits" in the form of grants
18 or otherwise that the state is excluding Plaintiffs from.
19      The facts in this case plainly do not implicate Plaintiffs'
20 First Amendment rights. Plaintiffs' arguments are without merit
21 under California law and their Complaint must be dismissed.
22           5.    Maricopa School District Defendants Can Also Be
23                 Dismissed Under The Same Legal Theory
24      Unlike the other defendants, the Maricopa School District
25 defendants do not move to dismiss on the grounds that Plaintiffs
26 failed to properly allege any First Amendment violations.
27 Maricopa Mot., ECF No. 36-1.  Plaintiffs' claims against the
28 Maricopa School District defendants, however, rely on the same

theories as the claims against the other defendants.  Since Plaintiffs had the opportunity to litigate these theories in their oppositions to the other four (4) motions, the Court sua sponte dismisses the claims against the Maricopa School District defendants on the same grounds.  See Compl.; Fed. R. Civ. P. 12(b)(6); Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss, ECF Nos. 24, 35, 36, 37, 39, and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE in its entirety.

IT IS SO ORDERED.

Dated: June 7, 2024

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE